CLARK O. SEARS & others *vs.* DANIEL DACEY.

Suffolk.   March 6. — 12, 1877.   ENDICOTT, J., absent.

In an action on a judgment recovered in another state, the issue was whether the defendant was served with process in that state in the original action. The defendant introduced evidence that he was not at the time of such service, and had never since been, in that state, and denied on cross-examination that he knew of the action. *Held,* that the plaintiff might introduce evidence that the defendant was in the state at the time of such service, and afterwards admitted that he knew of the bringing of the action.

CONTRACT on a judgment of the Superior Court for Middlesex County in the State of Connecticut.

At the trial in the Superior Court, before *Brigham,* C, J., the plaintiff introduced a certified copy of the judgment and a record of the proceedings of the court in which the judgment declared on was obtained, the officer's return in which was headed " State of Connecticut, County of Middlesex, Chatham," and set forth that on March 29, 1870, an attested copy of the writ was left by him " with said defendant at his usual place of abode in said town."

The defendant introduced evidence tending to show that on March 23, 1870, he left the State of Connecticut and came to Massachusetts, and never afterwards returned to Connecticut, and that on March 29, 1870, he was not within the jurisdiction of the court.

The plaintiff was then allowed, subject to the defendant's objection, to introduce evidence to show that on March 29, 1870, the defendant was at Chatham, in the State of Connecticut, and within the jurisdiction of the court.   Among other evidence admitted was that of Henry V. Barton, who testified that he had a conversation with the defendant more than a year after the

original action was commenced, in which the defendant, among other things, admitted that he knew that the action had been brought by the plaintiff. The defendant had previously stated on cross-examination that he had had no conversation with Barton about the action, and had also denied having knowledge of it.

The judge found that the defendant was within the jurisdiction of the court on March 29, 1870, and at the place where the attested copy of the writ was left, as shown by the officer's return, and ordered judgment for the plaintiff. The defendant alleged exceptions.

*F. A. Dearborn,* for the defendant.

*S. A. Bolster & E. K. Dexter,* for the plaintiff.

GRAY, C. J. The question whether the judgment in Connecticut bound the defendant depended upon the question whether the writ in that action was duly served upon him in that state. The defendant introduced evidence that he was not at the time of such service, and had never since been, in Connecticut. The evidence of the defendant's admission that he knew of the bringing of the action in Connecticut, taken in connection with the other testimony introduced by the plaintiff to show that the defendant was in that state at the time of the service, was competent to contradict the evidence introduced by the defendant, and to support the plaintiff's action upon the judgment. *Knowles* v. *Gaslight & Coke Co.* 19 Wall. 58. *McDermott* v. *Clary,* 107 Mass. 501.                    *Exceptions overruled.*