GOTTLIEB BANTLEY, APPELLANT, V. LORINDA FINNEY ET AL., APPELLEES.

FILED FEBRUARY 6, 1895. NO. 5877.

1. **Affidavits:** JURAT: SERVICE BY PUBLICATION: PAROL EVIDENCE. In the district court of Lancaster county, in 1882, one McWilliams recovered against one Bantley a decree for the specific performance of a contract for the sale of certain real estate. Bantley was a non-resident of the state, and the only service had upon him was by publication. Bantley did not comply with the decree, and McWilliams deposited with the clerk the considera-

tion the court found he was to pay Bantley for the land, took possession thereof, and afterwards conveyed it by warranty deed to one Finney. The affidavit on which the service by publication was based was made and signed by Webster, McWilliams' counsel, and duly filed; but such affidavit had attached thereto no jurat or certificate of an officer authorized to administer oaths certifying that Webster had in fact sworn to the affidavit. In 1891 Bantley brought an action against Finney to recover said real estate, alleging in his petition that Finney's claim thereto was based on the decree in McWilliams against Bantley; that the only service on him in said action was by publication; that the affidavit on which said constructive service was based was not sworn to, and that therefore the court had no jurisdiction over him, and its decree was void. *Held*, (1) That the jurat or certificate of an officer attached to an affidavit is no part of the affidavit itself; (2) that such jurat or certificate, if the officer making it had authority to administer oaths, enables such affidavit to be read in evidence as the oath of the party whom such officer certifies made such oath; (3) that the affidavit made by Webster did not lose its vitality because of the omission of the clerk to attach thereto his jurat certifying that Webster had in fact taken said oath; (4) that it was competent for Finney to show by parol that Webster did in fact swear to the affidavit which he filed in the case of McWilliams v. Bantley at the time of filing such affidavit; (5) that such parol evidence did not tend to vary or contradict the record in the case of McWilliams v. Bantley, but to support it; (6) that whether Webster swore to such affidavit at the time he made and filed it was a question of fact, and might be proved as any other fact, by any competent obtainable evidence.

2. ———. An affidavit is simply a declaration on oath, in writing, sworn to by a party before some person who has authority under the law to administer oaths.

3. ——— : SERVICE BY PUBLICATION. The essentials of the affidavit required by section 78 of the Code of Civil Procedure, in order that a valid service by publication may be based thereon, are that the affidavit must be in writing, filed in the case where made, and sworn to.

APPEAL from the district court of Lancaster county. Heard below before FIELD, J.

The facts are stated by the commissioner.

*Henry E. Lewis, Albert Watkins,* and *Dawes, Coffroth & Cunningham,* for appellant:

The affidavit for service by publication is jurisdictional, and must be authenticated by the certificate of a competent officer. (*Atkins v. Atkins,* 9 Neb., 191; *Frazier v. Miles,* 10 Neb., 113; *Blair v. West Point Mfg. Co.,* 7 Neb., 147; Consolidated Statutes, secs. 4887, 4891, 4904.)

Courts require a strict compliance governing notice by publication. (Wade, Notice, sec. 1030; *Schell v. Leland,* 45 Mo., 289; *Bardsley v. Hines,* 33 Ia., 158; *Merrill v. Montgomery,* 25 Mich., 73; *Brisbane v. Peabody,* 3 How. Pr. [N. Y.], 109; *Hallett v. Righters,* 13 How. Pr. [N. Y.], 43; *Kendall v. Washburn,* 14 How. Pr. [N. Y.], 380; *Balch v. Shaw,* 7 Cush. [Mass.], 282; *Greenvault v. Farmers & Mechanics Bank,* 2 Doug. [Mich.], 498.)

An affidavit is an oath, in writing, by the party deposing, sworn before and attested by him who hath authority to administer the same. (1 Bacon, Abridgment, 121; *Watt v. Carnes,* 4 Heisk. [Tenn.], 532; *Shelton v. Berry,* 19 Tex., 155.)

*Webster, Rose & Fisherdick, contra:*

The jurat is no part of the affidavit, but only the *prima facie* and competent evidence that it is the affidavit of the person by whom it purports to have been made. (*Hitsman v. Garrard,* 16 N. J. Law, 124.)

The affidavit, good in form and actually subscribed and actually sworn to, filed before publication was made, is good for purpose of vesting jurisdiction in the original case; and, in the absence of the jurat, parol proof that the affiant swore to the affidavit is competent. (*Kruse v. Wilson,* 79 Ill., 233; *Pottsville v. Curry,* 32 Pa. St., 444; *Cusick's Election Case,* 136 Pa. St., 477; *Cook v. Jenkins,* 30 Ia., 452; *Hitsman v. Garrard,* 16 N. J. Law, 124; *Booth v. Rees,* 26 Ill., 45; *English v. Wall,* 12 Rob. [La.], 132.)

RAGAN, C.

On the 25th day of April, 1882, Gottlieb Bantley was the owner of the southeast quarter of section 24, in township 10 north, and range 7 east of the 6th P. M., in Lancaster county, Nebraska. On the 19th day of July, 1882, one Richard C. McWilliams brought a suit in equity in the district court of Lancaster county against said Bantley, the petition in which alleged, in substance, Bantley's ownership of said real estate on said 25th of April, and that on said day Bantley had agreed, in writing, to sell and convey to him, McWilliams, said real estate on certain terms and conditions, with all of which McWilliams on his part had complied; and the petition prayed for a decree of the court to compel Bantley to specifically perform his contract of sale. Bantley was a non-resident of the state of Nebraska, was not present in said state, but resided in and was a citizen of the state of Pennsylvania. The only service had upon Bantley in said suit was service by publication, as provided for by sections 77, 78, 79, and 80 of the Code of Civil Procedure. Bantley made no appearance in the action, either personally or by counsel, and on the 21st of October, 1882, his default was entered by the district court of Lancaster county and a decree rendered ordering and directing him to convey the above described premises to McWilliams, and that in default of such conveyance the decree should have the effect of a deed. Bantley did not comply with the decree of the court, and McWilliams, in compliance with the decree, deposited with the clerk of the court the consideration which the decree found McWilliams was to pay Bantley for the land, and thereupon took possession of the real estate and afterwards conveyed it by warranty deed to one Lorinda Finney. On the 21st day of February, 1891, Bantley brought this suit in equity in the district court of Lancaster county against said Finney, alleging that Finney claimed an

interest in said real estate by virtue of the decree, already
mentioned, rendered in the case of McWilliams v. Bantley.
The prayer of Bantley's petition in this case was that the
decree in McWilliams v. Bantley might be adjudged void,
that the possession of said real estate might be delivered
to him, and for an accounting of the rents and profits of
said real estate. The district court found the issues against
Bantley and rendered a decree dismissing his case, from
which he has appealed.

Section 78 of the Code provides that before service can
be made by publication an affidavit must be filed that serv-
ice of a summons cannot be made within this state on the
defendant or defendants to be served by publication, and
that the case is one of those mentioned in section 77 of the
Code of Civil Procedure; and when such affidavit is filed,
the party may proceed to make service by publication. In
the suit of McWilliams v. Bantley the petition, as already
stated, was filed with the clerk of the district court of Lan-
caster county on the 19th day of July, 1882. On the same
date there was filed in the office of said clerk of said court
in said suit of McWilliams v. Bantley a paper in words
and figures as follows:

"In the District Court of Lancaster County, Nebraska.

"RICHARD C. MCWILLIAMS, PLAINTIFF, ⎫
                 v.                     ⎬ Affidavit.
GOTTLIEB BANTLEY, DEFENDANT.          ⎭

"STATE OF NEBRASKA, ⎫ ss.
      LANCASTER COUNTY. ⎭

"Joseph R. Webster, being first duly sworn, on his oath
says: I am the attorney of record of Richard C. McWill-
iams, plaintiff in the above entitled cause. On the 19th
day of July, A. D. 1882, he filed a petition in the district
court of Lancaster county against Gottlieb Bantley, the ob-
ject and prayer of which is to enforce the specific perform-
ance of a written contract for the sale of certain premises
described as the southeast quarter of section 24, township

10 north, of range 7 east, of sixth principal meridian, made and entered into by and between the said defendant as vendor by J. P. Walton, his agent duly authorized in writing, and this plaintiff as vendee, on or about the 15th day of June, A. D. 1882, for sale of said premises at the price of $2,400, exclusive of agent's commissions, $800 payable in hand, $533⅓ on or before two years, and two like sums on or before three and four years, respectively, with interest at the rate of seven per cent per annum, to be secured by mortgage on said premises, and said plaintiff is absent from the county of Lancaster, and affiant makes this affidavit in his behalf for that reason.   Said defendant is a non-resident and resides at Johnstown, in the state of Pennsylvania, and is absent from the state of Nebraska, and service of summons cannot be made within the state on him, wherefore the plaintiff prays for service by publication.                                  J. R. Webster.

"Signed in my presence and sworn to before me July, 1882.                          —— ——, *Notary Public.*"

Indorsed: "Dist. Ct. Lancaster.   Richard C. McWilliams v. Gottlieb Bantley.   Affidavit for Publication.   Filed July 19, 1882 A. D.   A. D. Burr, D. C. Clerk.   J. R. Webster for Plff."

This affidavit or paper contained all the averments of fact necessary to authorize McWilliams to make service upon Bantley by publication, and to give the court jurisdiction of Bantley if such service by publication should be made and proved as provided by sections 79 and 80 of the Code of Civil Procedure.   There is no contention here that the averments in the paper or affidavit were not sufficient both as to substance and form, nor that the publication made and proved in pursuance of such paper or affidavit did not in all respects conform to the statute.   But it will be observed that the affidavit or paper, though duly entitled in the case of McWilliams v. Bantley, though it has a proper venue, though it is entitled an affidavit and purports

to be an oath made by J. R. Webster, the counsel of Mc-
Williams, signed by Webster and duly filed in the case by
the clerk of the court, has attached to it no jurat or certifi-
cate of the clerk or any other officer authorized to admin-
ister oaths that such paper or affidavit was sworn to by said
Webster before such officer.

The argument of the appellant is that until the affidavit
required by section 78 of the Code of Civil Procedure was
made and filed in the case of McWilliams v. Bantley, the
court could acquire no jurisdiction over Bantley by service
by publication. There can be no question as to the cor-
rectness of this argument. The court's jurisdiction in that
case over Bantley depended upon service by publication
first having been made and proved as provided by sections
79 and 80 of the Code of Civil Procedure, and the notice
for its validity depended upon an affidavit made and filed
as provided by said section 78. The appellant further
contends that because the affidavit filed by Webster in
McWilliams v. Bantley has not attached thereto the jurat or
certificate of some officer authorized to administer oaths
certifying that Webster signed and swore to the said affi-
davit, that therefore such paper is not an affidavit within
the meaning of said section 78; consequently, that the
service by publication was invalid, that the court acquired
no jurisdiction of Bantley; and that its decree was a nullity.

On the trial of this case in the district court Finney was
permitted to prove by the oral testimony of Webster, Mc-
Williams' counsel in the suit against Bantley, and by one
Burr, who was the clerk of the court on the 19th day of
July, 1882, that the affidavit filed in the case of McWill-
iams against Bantley on said date was in fact sworn to on
said date by said Webster before said clerk, and that the
latter, through an oversight, neglected to attach his certifi-
cate or jurat to such paper to the effect that Webster had
in fact sworn to it. The argument of the appellant is
that such testimony was incompetent; that the record

in McWilliams v. Bantley must speak for itself; and that the decree in that case must stand or fall on the record as it exists.

An analysis of the case before us then brings us face to face with this question : Was it competent in this case for Finney to show by parol that the affidavit for constructive service filed in the case of McWilliams v. Bantley was sworn to by Webster, the party who made and signed such affidavit before the clerk of the court? The evidence of Webster and Burr that the former did swear to the affidavit signed by him is sufficient to support the finding of the district court that Webster did in fact swear to the affidavit he filed if the evidence was competent. "An affidavit is a written declaration under oath made without notice to the adverse party." (Code of Civil Procedure, sec. 367.) In *Harris v. Lester*, 80 Ill., 307, it is said: "An affidavit is simply a declaration, on oath, in writing, sworn to by a party before some person who has authority under the law to administer oaths. It does not depend on the fact whether it is entitled in any cause or in any particular way. Without any caption whatever, it is nevertheless an affidavit." In *Bates v. Robinson*, 8 Ia., 318, a party had made an affidavit, sworn to it before an officer authorized to administer oaths, but had not signed the affidavit. The officer administering the oath had attached his jurat or certificate to the affidavit that the party had sworn to it, and the court held that the affidavit was good; that it was not necessary to the making of a good affidavit that the party making it should sign it. In *Shelton v. Berry*, 19 Tex., 154, an affidavit is thus defined: "An affidavit is, originally, a voluntary oath taken before an officer. In practice it is an oath or affirmation, reduced to writing, and sworn or affirmed before some officer who has authority to administer it, and by whom it is certified. It is not necessary that it should be signed by the affiant." In *Hitsman v. Garrard*, 16 N. J. Law, 124, it is said that

an affidavit need not be signed by the affiant unless such signature is required by some statute or rule of court. A contrary rule was announced in *Hargadine v. Van Horn,* 72 Mo., 370, but by a divided court. The argument of the appellant that no affidavit for service by publication was filed in the case of McWilliams v. Bantley because what purported to be such affidavit in said case had attached thereto no jurat or certificate of an officer authorized to administer oaths that Webster in fact signed and swore to the statement in the affidavit, we think, cannot be sustained. The paper assailed as not being an affidavit was in writing, it was signed, and it was filed. Section 78 of the Code of Civil Procedure does not expressly require such an affidavit to be signed; but a fair construction of the section requires such affidavit to be in writing. The question here then is not whether Webster made an affidavit, whether it was in writing, whether it was filed, nor whether it was signed by him; but the question is, did he swear to that affidavit? If he swore to it, then it in all respects complied with the statute. The service by publication based thereon was proper, and the court had jurisdiction.

Is the fact that the affidavit made and filed by Webster has attached thereto no jurat or certificate of an officer authorized to administer oaths, certifying that Webster in fact swore to the statement written in the affidavit, conclusive proof that Webster did not swear to the affidavit or the facts stated therein? We think not. If such affidavit contained the jurat or certificate of the clerk of the court, such certificate or jurat would be *prima facie* evidence that Webster had sworn to the oath or affidavit signed by him. The jurat or certificate is no part of the oath or affidavit, but is simply evidence that the oath was made or the affidavit was sworn to. It is like the acknowledgment of a deed, which is no part of the deed itself, but authorizes the deed to be recorded and read in evidence without proving

the signatures to the deed; and so here the jurat or certifi-
cate attached to an affidavit, if the officer making such jurat
or certificate had authority to administer oaths, enables such
affidavit to be read in evidence as the oath of the party
whom the officer certifies made such oath. (*Ladow v. Groom*,
1 Denio [N. Y.], 429; *Hitsman v. Garrard*, 16 N. J. Law,
124; *Morris v. State*, 2 Tex. App. Ct., 503.) Bantley's
case against Finney is based upon the allegation in his pe-
tition that the affidavit filed for service by publication in
the case of McWilliams v. Bantley was not sworn to. This
allegation was denied by Finney in his answer herein, and
hence we have the issue of 'fact, did Webster swear to the
affidavit which he filed in the suit of McWilliams v. Bant-
ley? To show that such affidavit was not sworn to Bant-
ley in the trial of this suit put in evidence the record of
the case of McWilliams v. Bantley, and this record did not
positively show that Webster swore to the affidavit filed
for service by publication. Was the parol evidence of
Webster and Burr that the former did swear to the affi-
davit which he filed competent? We have not been referred
to, nor have we been able to find, any case where the precise
question has been argued and determined.

*Sears v. Dacey*, 122 Mass., 388 was an action brought
in Massachusetts on a judgment recovered in another state.
The issue was whether the defendant was served with pro-
cess in the state in which the judgment was rendered. He
introduced evidence that at the time the process was served
in the foreign state he was not in said state and had not
been since that time. The court held that the plaintiff
might introduce evidence to show that the defendant was
in the foreign state at the time the record showed the pro-
cess in that case was served on him.

*Cook v. Jenkins*, 30 Ia., 452, was an action in ejectment.
The defendants claimed title to the land under a judicial
sale thereof based upon attachment proceedings. Cook's
contention was that the sale and the attachment proceedings

Bantley v. Finney.

were void, as the only service upon him was by publication, he at the time being a non-resident of the state of Iowa, and that the affidavit made and filed to procure the issuance of the attachment against him or his property was never sworn to by the party instituting the attachment proceedings. This contention was based upon the fact that the affidavit in the attachment proceedings, although it contained the jurat or certificate of an officer authorized to administer oaths, such jurat was not signed by such officer, and the court held that the contention was not sustained; and that although the jurat to the affidavit was not signed by the officer administering the oath, yet it had been sufficiently shown by the evidence that the affidavit was in fact sworn to. To the same effect see *Kruse v. Wilson*, 79 Ill., 233. This suit was also one in ejectment, the defendant claiming title to the land under judicial sale, based on attachment proceedings, the plaintiff claiming the attachment proceedings were void, because the affidavit was not sworn to. Breese, J., speaking for the court on this point, said: "On objection made in the circuit court, on the trial of this ejectment, that the affidavit was not sworn to, and was therefore void, William A. Hemon was sworn, and he testified he signed the affidavit, and swore to it at the time, in the clerk's office, before the deputy clerk. He was there to commence a suit in attachment, and swore to the affidavit for that purpose. He signed it there at the counter, at the same time that he swore to it. * * * If an oath was administered, and by the proper officer, as it assuredly was, the law was satisfied, and the mere omission of the clerk to put his name to an act which was done through him as the instrument, should not prejudice an innocent party, who has done all he was required to do. The clerk's omission to write his name, where it should have been written, was not the fault or neglect of the affiant. He signed and swore to the affidavit. The clerk filed it," etc. See, also, *Tallman v. Ely*, 6 Wis., 242, where it is said:

"Where there is a vagueness in a record upon the question of the appearance of a party defendant, parol proof of the appearance, as a fact, is competent. Such evidence does not tend to vary or contradict the record but to support it." (See, also, *Jamison v. Weaver*, 51 N. W. Rep. [Ia.], 65.)

The oath or affidavit made by Webster did not lose its vitality because of the omission of the clerk to certify then and there that Webster had taken this oath. If the clerk had attached his jurat to this affidavit made by Webster, then the affidavit, for all purposes and in all places, would have been *prima facie* evidence at least that Webster had made the oath, that is, that he was sworn by the clerk to the truth of the facts set forth in the affidavit. Whether Webster swore to this affidavit was made an issue—and the cardinal issue—in the case. It was a question of fact; and why should not it be proved, as any other fact, by any competent obtainable evidence? The evidence did not contradict the record in the case of McWilliams v. Bantley. That record did not affirmatively recite that Webster did not swear to the affidavit. It at least left that fact in doubt. If one by a suit in equity should seek to have a personal judgment rendered against him set aside upon the sole ground that he was never served with process in such case, and to prove that fact should put in evidence the record of the suit in which the judgment was rendered, from which it should appear that a summons had been issued directed to the defendant in the judgment and returned by the sheriff indorsed that on a certain day and at a certain place, he, the sheriff, had served said summons on said party therein mentioned, but the name of the sheriff should not be signed to such return, can it be doubted that it would be competent to show by parol by the sheriff that his failure to sign his name on the summons was an oversight, and that he did in fact serve the summons as therein directed and returned? We reach the conclusion, therefore, that in this case parol evidence was competent to show

that Webster did swear to the affidavit which he filed in
the case of McWilliams v. Bantley, although such affidavit
had attached thereto no jurat of an officer authorized to
administer oaths certifying that Webster had in fact sworn
to such affidavit. It follows from this that the decree as-
sailed in this case was not void, but that the court pro-
nouncing it had jurisdiction both of the subject-matter of
the action and of the defendant therein.

Mr. Bantley in his petition filed in this case alleged that
the decree in McWilliams v. Bantley was fraudulently ob-
tained, in that McWilliams was not the real party in inter-
est, but "was the fraudulent conduit for J. H. McMurtry."
On the trial in the district court there was considerable
evidence introduced on the issue made by this allegation of
Bantley's petition and the answer of Finney thereto.
This evidence was conflicting, and the district court found
the issue against Bantley; and we cannot say that it came
to an incorrect conclusion. The decree of the district
court is

AFFIRMED.