ALICE T. LANNING, APPELLANT, V. JOHN HAASES, JR., ET AL., APPELLEES.

FILED APRIL 8, 1911.    No. 16,384.

1. **Affidavits.** An affidavit subscribed and sworn to before a person not authorized by law to administer oaths is void and no affidavit.

2. **Taxation: REDEMPTION: NOTICE: PROOF OF PUBLICATION: AFFIDAVIT.** The proof of the publication of a notice of the time within which redemption of real estate from sale for taxes can be made must be by affidavit. Such "affidavit" sworn to before a person who gives his official title as "U. S. Comm.," he having no authority to administer oaths, is not an affidavit within the meaning of section 367 of the code, and a tax deed issued thereon is void.

APPEAL from the district court for Box Butte county: JAMES J. HARRINGTON, JUDGE. *Reversed with directions.*

*A. W. Crites,* for appellant.

*William Mitchell* and *B. F. Gilman, contra.*

REESE, C. J.

This action was commenced in the district court for Box Butte county for the foreclosure of a mortgage on the northwest quarter of section 22, township 25 north, of range 48, in said county. A number of persons were made defendants, but we have to do with but one; no

other defendant having appeared or filed briefs. The one referred to is Chenia A. Newberry, who claims to hold a tax deed upon the property by which it is claimed that all rights under the mortgage have been extinguished Newberry answered setting up his alleged title under the tax deed, and issues were formed thereon as to its validity. The district court rendered a decree by which Newberry's tax title was held valid, refused a foreclosure of the mortgage, dismissed plaintiff's petition, and quieted Newberry's title. Plaintiff appeals.

If Newberry's title can be sustained, it must be conceded that the rights of the mortgagee were terminated, and she has no ground to complain. If the tax deed is defective to the extent of rendering that conveyance void, plaintiff has a right to foreclose her mortgage, subject to the lien for taxes, and from which she has the right to redeem. One of the principal questions as to the validity of Newberry's title seems to be as to the proof of the publication of the notice of the expiration of the time within which redemption could be made. The statute (Ann. St. 1909, secs. 11113, 11114) requires the giving of this notice, and, if necessary, its publication in a newspaper. It is provided that the proof of publication shall be by affidavit of the publisher, manager or foreman of the newspaper. "An affidavit is a written declaration under oath, made without notice to the adverse party." Code, sec. 367. If it must be under oath, it must be necessarily sworn to before some one authorized to administer oaths. The affidavit of publication was made before "T. J. O'Keefe, U. S. Comm." Just what "U. S. Comm." should be held to mean is not shown, but it is assumed that the letters and words were intended to mean "United States Commissioner." It is admitted by appellee that such officer has no power or authority to administer a binding oath in this kind of proceeding, and we have been unable to find where any such authority is given. This being true, it must follow that the statement contained in the writing by which an affidavit was attempted

to be made was not legally sworn to, and we are left with no affidavit or other proof of publication. The giving of the notice is a condition precedent to the issuance of a deed. Ann. St. 1909, sec. 11113. The proof thereof is specially prescribed. Ann. St. 1909, sec. 11114. It necessarily follows that the tax deed was ineffectual to pass the title to the purchaser, and plaintiff was entitled to the foreclosure of her mortgage and to redeem from the tax sale.

The decree of the district court is reversed, and the cause is remanded to that court, with directions to enter a decree canceling the title of defendant Newberry, and foreclosing plaintiff's mortgage.

REVERSED.