AMERICAN LEGION LEO BRINDA POST NO. 90, A CORPORATION, AND VETERANS OF FOREIGN WARS POST NO. 5138, A CORPORATION, DOING BUSINESS AS "VETERANS CLUB," 256 NORTH MAIN STREET, VALENTINE, NEBRASKA, APPELLEES, v. NEBRASKA LIQUOR CONTROL COMMISSION, APPELLANT.

259 N. W. 2d 36

Filed November 9, 1977. No. 41662.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellant.

William Quigley, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

SPENCER, J.

This case comes on for consideration on a motion of appellees to dismiss for failure of the appellant, Nebraska Liquor Control Commission, to deposit the docket fee with the clerk of the District Court within the time limited by section 25-1912, R. R. S. 1943. We sustain the motion to dismiss.

On July 21, 1977, the District Court for Cherry County entered an order overruling the motion of appellant for a new trial. On August 2, 1977, appellant filed a notice of appeal. The docket fee, however, was not filed with the clerk of the District Court until August 31, 1977, or more than 1 month after the overruling of the motion for a new trial.

Section 25-1912, R. R. S. 1943, provides, so far as material herein: "The proceedings to obtain a reversal, vacation or modification of judgments and decrees rendered or final orders made by the district court, * * * shall be by filing in the office of the clerk of the district court in which such judgment, decree or final order was rendered, within one month after the rendition of such judgment or decree, or the making of such final order, or within one month from the overruling of a motion for a new trial in said cause, a notice of intention to prosecute such appeal * * * and * * * by depositing with the clerk of the district court the docket fee required by law in appeals to the Supreme Court."

In Barney v. Platte Valley Public Power & Irr. Dist., 144 Neb. 230, 13 N. W. 2d 120 (1944), we held the Legislature intended that the filing of the notice

of appeal and the depositing of the docket fee "in the office of the clerk of the district court" are both mandatory and jurisdictional.

This holding has been reiterated in substance on many occasions since that time. In Radil v. State, 182 Neb. 291, 154 N. W. 2d 466 (1967), we held: "The right to appeal is statutory and the requirements of the statute are mandatory and must be complied with before the appellate court acquires jurisdiction of the subject matter of the action."

The Radil case and all the more recent cases considered by this court have involved a notice of appeal, and not the deposit of the docket fee. However, as we held in Barney v. Platte Valley Public Power & Irr. Dist., 144 Neb. 230, 13 N. W. 2d 120 (1944), section 25-1912, R. R. S. 1943, makes the filing of the notice of appeal *and* the payment of the docket fee within 1 month mandatory. The Supreme Court has no power to exercise appellate jurisdiction in proceedings to review the judgment of the District Court in civil cases unless the appellant shall have filed a notice of appeal and deposited a docket fee in the office of the clerk of the District Court within the time fixed and as provided in section 25-1912, R. R. S. 1943.

The motion to dismiss the appeal herein is sustained, and the appeal is dismissed.

MOTION TO DISMISS APPEAL
SUSTAINED; APPEAL DISMISSED.