IN RE INTEREST OF K.D.B., A CHILD UNDER 18 YEARS OF AGE. STATE OF NEBRASKA, APPELLEE, v. E.O.B., APPELLANT.
445 N.W.2d 620

Filed September 15, 1989.   No. 88-989.

Kathleen M. Schmidt, of Emery, Penke & Blazek, for appellant.

Ronald L. Staskiewicz, Douglas County Attorney, and Richard E. Rothrock for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

The natural father of K.D.B. has filed an appeal from an order of the separate juvenile court of Douglas County terminating his parental rights in his now 11-year-old daughter. We dismiss the appeal for lack of jurisdiction.

Except as hereinafter noted, for the Supreme Court to obtain appellate jurisdiction, it is mandatory that a party timely file a notice of appeal and deposit a docket fee in the office of the clerk of the trial court. See, Neb. Rev. Stat. § 25-1912 (Cum. Supp. 1988); *American Legion Post No. 90 v. Nebraska Liquor Control Commission*, 199 Neb. 429, 259 N.W.2d 36 (1977).

Neb. Rev. Stat. § 25-2301 (Cum. Supp. 1988) provides that in lieu of filing a docket fee, a party may proceed to appeal in forma pauperis. To proceed without prepayment of fees and costs or security, a party must file with the clerk of the trial court his or her affidavit setting forth the nature of the action and that he or she is unable to pay the costs or give security involved in an appeal. In addition, the party appealing must obtain the authorization of the trial court to proceed in forma pauperis. An appeal may not be taken in forma pauperis if the trial court certifies in writing that the appeal is not taken in good faith.

In this instance, K.D.B.'s father did not obtain the Douglas County Separate Juvenile Court's authorization to proceed in forma pauperis, nor did he file a proper affidavit with the trial court. A document labeled "affidavit" and purportedly signed by K.D.B.'s father was filed with the trial court, but the document is defective. There is no showing that it was sworn to by K.D.B.'s father before some person who had authority to administer oaths.

To be effective, a poverty affidavit must show on its face, by the certificate of an authorized officer before whom it is taken, evidence that it was duly sworn to by the party making the affidavit. See, *State v. Howard*, 184 Neb. 274, 167 N.W.2d 80 (1969); *Kennedy & Parsons Co. v. Schmidt*, 152 Neb. 637, 42 N.W.2d 191 (1950); *Bantley v. Finney*, 43 Neb. 794, 62 N.W. 213 (1895). See, also, Neb. Rev. Stat. § 25-1241 (Reissue 1985).

Since the docket fee was not paid nor the requirements to proceed in forma pauperis met, we must dismiss this appeal for

lack of jurisdiction.

APPEAL DISMISSED.