STATE OF NEBRASKA, APPELLEE, V. CAROL HUNTER, ALSO KNOWN
AS CAROL RIDGEWAY, APPELLANT.
451 N.W.2d 922

Filed February 23, 1990.   No. 89-663.

Thomas M. Kenney, Douglas County Public Defender, and Brian S. Munnelly for appellant.

Herbert M. Fitle, Omaha City Attorney, and Gary P. Bucchino, Omaha City Prosecutor, and J. Michael Tesar for appellee.

HASTINGS, C.J., WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ., and RONIN, D.J., Retired.

FAHRNBRUCH, J.

Claiming the Douglas County Court failed to sequester the prosecution's witnesses, as mandated by Neb. Rev. Stat. § 27-615 (Reissue 1989), Carol Hunter appeals her convictions for violation of two municipal dog ordinances in Omaha.

The defendant's appeal to this court was preceded by an appeal to the district court for Douglas County, where Hunter's convictions were affirmed.

Because the defendant failed to perfect her appeal from the county court in accordance with Nebraska statutes, the district court acquired no jurisdiction to hear the case. Since the district court lacked jurisdiction, this court also lacks jurisdiction to rule on the merits of Hunter's appeal. We dismiss the defendant's appeal and remand the cause to the district court with instructions.

To perfect an appeal from the county court to the district court, the appealing party must, within 30 days after rendition of the judgment or making of the final order complained of, (1) file a notice of appeal with the county court and (2) deposit with

the county court clerk a docket fee in the amount of the filing fee in the district court. Neb. Rev. Stat. § 25-2729 (Reissue 1989). Fulfillment of these requirements vests appellate jurisdiction in the district court from the county court. *Rorick Partnership v. Haug*, 228 Neb. 364, 422 N.W.2d 365 (1988).

As an alternative to depositing a docket fee, a person who is unable to pay the required fee may file an affidavit of poverty and proceed with an appeal in forma pauperis. Neb. Rev. Stat. § 25-2301 (Reissue 1989) authorizes the commencement of an appeal without prepayment for fees and costs "by a person who makes an affidavit that he or she is unable to pay such costs or give security." See, also, *In re Interest of N.L.B., ante* p. 280, 450 N.W.2d 676 (1990).

To be effective, a poverty affidavit must show on its face, by the certificate of an authorized officer before whom it is taken, evidence that it was duly sworn to by the party making the affidavit. *In re Interest of K.D.B.*, 233 Neb. 371, 445 N.W.2d 620 (1989). See, also, Neb. Rev. Stat. § 25-1241 (Reissue 1989).

The county court transcript fails to show that Hunter paid the required docket fee or, alternatively, filed a poverty affidavit with the county court within the statutorily specified time. The defendant merely filed an unnotarized letter in which she stated she could not afford the cost of pursuing an appeal to the district court.

The defendant having failed to properly perfect her appeal to the district court, neither that court nor this court could acquire jurisdiction to determine Hunter's appeal on its merits.

Accordingly, Hunter's appeal to this court is dismissed, and the cause is remanded to the district court with directions to dismiss the appeal in that court and remand the cause to the Douglas County Court to enforce its judgment.

APPEAL DISMISSED, AND CAUSE
REMANDED WITH DIRECTIONS.