STATE OF NEBRASKA, APPELLEE, V. ROBERT HAASE, APPELLANT.
530 N.W.2d 617

Filed April 14, 1995.   No. S-95-164.

Thomas J. Gaul, Deputy Hall County Public Defender, for appellant.

No appearance for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ.

CAPORALE, J.

On January 20, 1995, the district court, considering unconstitutional the statutes under which it had been asked to act, refused to change the sentence it had previously imposed upon the defendant, Robert Haase. On February 17, 1995, Haase filed in the district court a notice of his intention to appeal therefrom to this court, a motion to proceed in forma pauperis, and a purported "Affidavit of Poverty" in support of said motion.

The so–called poverty affidavit represents that it was signed before notary Thomas J. Gaul, also the Deputy Hall County Public Defender, but bears no notarial seal. Because of such lack, we issued an order directing Haase to show cause why the appeal should not be dismissed.

Haase then, through Gaul, filed a motion to extend the time within which to file another poverty affidavit. The motion recited that the notarial seal had been inadvertently omitted from the original filing.

We thereupon issued a further order directing that an affidavit be filed attesting as to whether at the time Gaul signed the original filing as a notary he was "a duly qualified notary public in the State of Nebraska."

Rather than doing so, Haase, again through Gaul, filed a "Modified Motion for Extension of Time" within which to file a proper poverty affidavit. In this motion, Gaul confesses that although when he signed the original document he was an Iowa notary, he was not then a Nebraska notary and professes not to have been aware that an Iowa notary could not act as such in Nebraska.

In connection with the means by which evidence may be taken, Neb. Rev. Stat. § 25-1240 (Reissue 1989), the Legislature has defined an affidavit as a "written declaration under oath, made without notice to the adverse party," Neb. Rev. Stat. § 25-1241 (Reissue 1989). For the purposes of more general use, we define an affidavit as a written or printed declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation. See *State v. Knight*, 219 Kan. 863, 549 P.2d 1397 (1976).

Obviously, a document subscribed and sworn to before a person not authorized by law to administer oaths is not an affidavit and is void as such. *Lanning v. Haases*, 89 Neb. 19, 130 N.W. 1008 (1911). See, also, *In re Interest of K.D.B.*, 233 Neb. 371, 445 N.W.2d 620 (1989) (poverty affidavit must show it was duly sworn to).

Just as manifestly, the power of a notary to perform notarial functions is limited to the jurisdiction in which the commission issued. Iowa Code Ann. §§ 9E.10 and 9E.11 (West Supp. 1994); *Garza v. Serrato*, 699 S.W.2d 275 (Tex. App. 1985); *Shipley v. Stephenson County Elec. Board*, 130 Ill. App. 3d 900, 474 N.E.2d 905 (1985); *Lewis v. City of Liberty*, 600 S.W.2d 677 (Mo. App. 1980); *In re State ex rel. Wootan*, 313 So. 2d 621 (La. App. 1975), *cert. denied* 318 So. 2d 47, *cert. denied* 424 U.S. 912, 96 S. Ct. 1110, 47 L. Ed. 2d 317 (1976); *United Services Automobile Ass'n v. Ratterree*, 512 S.W.2d 30 (Tex. Civ. App. 1974). See, also, Neb. Rev. Stat. § 64-107 (Reissue

1990). Thus, it is clear that the original document filed as a poverty affidavit in this case was no such thing.

A proper poverty affidavit serves as a substitute for the docket fee otherwise required upon appeal by Neb. Rev. Stat. §§ 33–103 (Reissue 1993) and 25–1912 (Cum. Supp. 1994). Neb. Rev. Stat. § 29–2306 (Cum. Supp. 1994) (criminal defendant filing poverty affidavit within 30 days after decision not required to pay docket fee). See, also, *State v. Hunter*, 234 Neb. 567, 451 N.W.2d 922 (1990) (under another statute, poverty affidavit served in lieu of docket fee in appeal from county court to district court). The timely depositing of the docket fee is a jurisdictional step in perfecting an appeal. *American Legion Post No. 90 v. Nebraska Liquor Control Commission*, 199 Neb. 429, 259 N.W.2d 36 (1977). See, also, *Madison County v. Crippen*, 143 Neb. 474, 10 N.W.2d 260 (1943) (appellate jurisdiction obtained upon filing of notice of appeal and deposit of docket fee within time prescribed by statute).

Since the poverty affidavit takes the place of the docket fee, it necessarily follows that if the affidavit is not filed within the time that the docket fee would otherwise have been required to be deposited, this court acquires no jurisdiction. See *State v. Spotted Elk*, 227 Neb. 869, 420 N.W.2d 707 (1988) (appellate court obtained jurisdiction upon filing of notice of appeal and payment or waiver of fees within time prescribed by statute). So far as is relevant here, § 25–1912(1) requires that the docket fee be deposited within 30 days after the decision from which the appeal is undertaken.

No proper poverty affidavit having been filed and the time for filing such having long since passed, we overrule Haase's motions for extension of the time within which to file same, and dismiss the within attempted appeal.

APPEAL DISMISSED.