GABRIEL VALERIANO-CRUZ, JR., APPELLANT, V. BEVERLY NETH, DIRECTOR, STATE OF NEBRASKA DEPARTMENT OF MOTOR VEHICLES, AND THE NEBRASKA DEPARTMENT OF MOTOR VEHICLES, APPELLEES.

716 N.W.2d 765

Filed July 3, 2006. No. A-05-808.

Bell Island, of Island, Huff & Nichols, P.C., L.L.O., for appellant.

Jon Bruning, Attorney General, and Laura L. Neesen for appellees.

SIEVERS, MOORE, and CASSEL, Judges.

CASSEL, Judge.

## INTRODUCTION

Gabriel Valeriano-Cruz, Jr., appeals the judgment of the district court for Scotts Bluff County affirming the revocation of Valeriano-Cruz' motor vehicle operator's license. We conclude that the failure of the notary public to endorse his commission's expiration date on the arresting officer's sworn report did not invalidate the report, and we affirm.

## BACKGROUND

On September 9, 2004, the Department of Motor Vehicles (Department) received a report stating that Valeriano-Cruz had refused to submit to a chemical test after a traffic stop. On September 15, Valeriano-Cruz filed a petition for a hearing before the Department, and the hearing was conducted on October 20.

Lt. Raymond Huffman of the Scotts Bluff County sheriff's office testified that on September 5, 2004, he received a report of a disturbance involving the occupants of a certain vehicle. He encountered the vehicle, which was exceeding the speed limit, weaving, and bearing Wyoming license plates that were not on file with the State of Wyoming. Huffman stopped the vehicle and approached it to identify the driver. Valeriano-Cruz and another male were inside the vehicle, and Huffman smelled a

strong odor of alcohol coming from inside the vehicle. The men in the vehicle admitted that they had been at the location of the reported disturbance. Huffman administered field sobriety tests and arrested Valeriano-Cruz. Huffman transported Valeriano-Cruz to the county jail for a chemical test of his breath. According to Huffman, Valeriano-Cruz refused to sign the post-arrest chemical test advisement form and refused to submit to a chemical test.

Huffman testified that he completed and signed a sworn report in the presence of a notary public. Over Valeriano-Cruz' objections, the hearing officer received a copy of the report. It included Valeriano-Cruz' name and personal information, and it stated that Valeriano-Cruz was arrested pursuant to Neb. Rev. Stat. § 60-6,197 (Reissue 2004) for the following reasons: "Citizen[s] complained of a drunk male leaving their home with a drunk friend. Gave vehicle description. I observed vehicle weaving in the lane and over the fog line. Odor of alcohol. Failed [f]ield [s]obriety." Huffman checked a box showing that Valeriano-Cruz had refused to submit to a chemical test upon request. The report contained the following language, with the underlined language being handwritten on blank lines: "Subscribed and sworn to before me this 5 day of Sept, 2004, at Gering, Scotts Bluff, NE. Notary Public's Signature: Stephen J. Wescher." The notary's seal is located below his signature. Valeriano-Cruz objected to the report, in part, because the notary did not include on his notarial seal the expiration date of his commission.

The hearing officer determined that Huffman had probable cause to believe that Valeriano-Cruz was operating or in actual physical control of a motor vehicle in violation of Neb. Rev. Stat. § 60-6,196 (Reissue 2004) and that Valeriano-Cruz had refused to submit to a chemical test after being requested to do so by a peace officer. The hearing officer recommended revocation of Valeriano-Cruz' operator's license.

On October 25, 2004, the director of the Department entered an order revoking Valeriano-Cruz' operator's license for 1 year, effective October 20. Valeriano-Cruz appealed to the district court, and after a hearing, the district court affirmed the director's revocation of Valeriano-Cruz' driving privileges. Valeriano-Cruz now appeals to this court.

## ASSIGNMENT OF ERROR

Valeriano-Cruz alleges that the district court erred in not reversing the order of revocation, because the report was not properly completed.

## STANDARD OF REVIEW

A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. *Hahn v. Neth*, 270 Neb. 164, 699 N.W.2d 32 (2005). When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is not arbitrary, capricious, or unreasonable. *Hahn v. Neth, supra.*

## ANALYSIS

Valeriano-Cruz argues that Huffman's report was insufficient to confer authority on the director to revoke Valeriano-Cruz' operator's license, because it lacked the expiration date of the notary's commission. We recall that Nebraska statutes provide that motorists impliedly consent to chemical testing for impairment by alcohol, empower law enforcement officers under certain circumstances to require a motorist to submit to a chemical test, and impose consequences for a failure to submit to such a test. Section 60-6,197(1) provides:

> Any person who operates or has in his or her actual physical control a motor vehicle in this state shall be deemed to have given his or her consent to submit to a chemical test or tests of his or her blood, breath, or urine for the purpose of determining the concentration of alcohol or the presence of drugs in such blood, breath, or urine.

An authorized peace officer may require a motorist arrested for operating a motor vehicle while under the influence of alcohol to submit to a chemical test, if the officer has reasonable grounds to believe that the motorist was driving the vehicle in violation of § 60-6,196. See § 60-6,197(2). Refusal to submit to chemical tests subjects the motorist to criminal prosecution and administrative license revocation (ALR) procedures. See § 60-6,197(3) and (4).

■ Nebraska ALR procedures authorize the use of a law enforcement officer's sworn report to impose on the motorist a burden of proof in subsequent ALR proceedings. Neb. Rev. Stat. § 60-498.01(2) (Reissue 2004) sets forth the ALR procedures as follows:

> If a person arrested as described in subsection (2) of section 60-6,197 refuses to submit to the chemical test of blood, breath, or urine required by section 60-6,197, . . . [t]he arresting peace officer shall within ten days forward to the director a sworn report stating (a) that the person was arrested as described in subsection (2) of section 60-6,197 and the reasons for such arrest, (b) that the person was requested to submit to the required test, and (c) that the person refused to submit to the required test.

Once the Department establishes that the officer provided a sworn report containing the recitations required by statute, it has made a prima facie case for license revocation, and the director is not required to prove that the recitations are true. See *Hahn v. Neth*, 270 Neb. 164, 699 N.W.2d 32 (2005). "Rather, it becomes the motorist's burden to prove that one or more of the recitations in the sworn report are false." *Id.* at 167, 699 N.W.2d at 35.

Valeriano-Cruz relies on *Hahn v. Neth, supra*, in which the Nebraska Supreme Court recently focused on a report that was sworn, but was incomplete in that it failed to set forth some of the information required by the statute. In that case, the officer's sworn report was properly notarized, sworn, and timely submitted to the Department. However, the officer neglected to complete portions of the form, such as whether the failed chemical test was of the motorist's blood or breath. The district court vacated the Department's revocation of the motorist's operator's license because the sworn report did not meet the requirements of Neb. Rev. Stat. § 60-6,205 (Cum. Supp. 2002) (now found at § 60-498.01). The issue before the Nebraska Supreme Court on appeal was whether the sworn report, as submitted, was sufficient to confer authority on the director of the Department to revoke the motorist's operator's license. The Nebraska Supreme Court discussed cases from other jurisdictions with similar statutory schemes, which cases concluded that the statutory requirement that the report be " 'sworn' " was jurisdictional. *Hahn v.*

*Neth*, 270 Neb. at 170, 699 N.W.2d at 37. The *Hahn* court asked, "If a complete but unsworn report defeats jurisdiction in an [ALR] proceeding, is the same true of a sworn but incomplete report?" *Id.* at 170, 699 N.W.2d at 38. In affirming the district court's holding, the Nebraska Supreme Court concluded that the test to determine whether an omission on a sworn report is a jurisdictional defect rather than a technical one "should be whether, notwithstanding the omission, the sworn report conveys the information required by the applicable statute." *Id.* at 171, 699 N.W.2d at 38.

In the instant case, however, we are faced with a report that was complete in the sense that it contained the content required by the applicable statute, and instead, we must determine whether the report was "sworn." The report conveyed the information required by § 60-498.01—the report stated that Valeriano-Cruz had been arrested pursuant to § 60-6,197 and the reasons for the arrest, that he was asked to submit to the chemical test, and that he refused. Valeriano-Cruz argues that the report is defective, not because content required by § 60-498.01 was omitted, but, rather, because the notary failed to endorse the expiration date of his commission. We do not find the answer to this question in *Hahn v. Neth, supra*. While *Hahn* acknowledges that an unsworn report defeats administrative jurisdiction in some states, it does not discuss what constitutes a sworn report in Nebraska.

 To answer the question whether the report in the case before us constitutes a "sworn" report, we first recognize that a sworn report in an ALR proceeding is, by definition, an affidavit. See *Hass v. Neth*, 265 Neb. 321, 657 N.W.2d 11 (2003). An affidavit is a written or printed declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation. *Id.* An affidavit must bear on its face, by the certificate of the officer before whom it is taken, evidence that it was duly sworn to by the party making the same. *Id.*

██ Neb. Rev. Stat. § 64-107 (Reissue 2003) empowers a notary public to administer oaths and affirmations in all cases and contemplates proof of those acts as follows: "Over his [or her] signature and official seal, he [or she] shall certify the performance of such duties so exercised and performed under the provisions of

this section, which certificate shall be received in all courts of this state as presumptive evidence of the facts therein certified to." Section 64-107 requires only the notary's signature and official seal to authenticate the certification, and such certification constitutes presumptive evidence of the performance of the notary's official acts.

The general requirements for the content of a notarial seal and for a statement of the date of expiration of a notary's commission are set forth in a separate statute. Neb. Rev. Stat. § 64-210(1) (Cum. Supp. 2004) provides:

> Each notary public, before performing any duties of his or her office, shall provide himself or herself with an official seal on which shall appear the words State of Nebraska, General Notary or State of Nebraska, General Notarial, and his or her name, and in addition, at his or her option, the date of expiration of his or her commission. A notary public may use the initial letters of his or her first name and middle name. A notary public shall authenticate all his or her official acts with such seal. Under his or her official signature, on all certificates of authentication made by him or her, a notary public shall write, stamp, or otherwise show the date when his or her term of office as such notary public will expire if such date of expiration is not engraved on the seal.

Although § 64-210(1) states that the expiration date of the notary's commission shall appear on all certificates of authentication, the statute treats the date as a component apart from the notarial seal. Case law supports our determination that the presence of the notarial seal and the notary's signature serves as presumptive evidence of the performance of the notary's duty. In the instant case, the notary's signature and seal provide presumptive evidence that the notary administered the oath to Huffman and that therefore, the report was "sworn."

In *Sheridan County v. McKinney*, 79 Neb. 223, 115 N.W. 548 (1908), the Nebraska Supreme Court examined the then newly codified provision regarding the expiration date of the notary's commission. In that case, the certificate of the notary public attached to a mortgage which the appellants sought to foreclose contained the notary's seal and signature, but not the expiration date of the notary's commission. The mortgage itself

named the notary. At that time, the applicable statute stated that "under his official signature on all certificates of authentication made by him, such notary public shall write the date at which his term of office, as such notary public will expire. Provided such date of expiration is not engraved on the seal." Comp. Stat., ch. 61, § 5 (1903). The Nebraska Supreme Court stated:

> It must be observed that the amendment requiring the notary to write under his official signature the date of the expiration of his commission applies to, and is contained in, the optional or permissive part of the statute, and therefore a failure to literally comply with it should not render the authentication of the instrument void. Indeed, we think it may be presumed that if the [L]egislature had so intended it would have been so expressed by the amendment. Where an acknowledgment is actually taken by an officer, having power to act, who certifies the fact in due form and authenticates his act in the manner provided by law, it would be unreasonable to hold, in the absence of a statute requiring it, that his failure to state that his commission had not expired renders the acknowledgment void. If the commission of a notary has in fact expired, and he has no power to take an acknowledgment, his statement that it is still in force cannot serve to change the existing fact or validate his action. On the other hand if he is still such officer, and has the power to perform the official act, his action is valid, without regard to his statement or declaration concerning that fact.

*Sheridan County v. McKinney*, 79 Neb. at 226-27, 115 N.W. at 549-50. The Nebraska Supreme Court concluded that the body of the certificate attested to the notary's official character and that the notary's certification was valid despite the absence of the expiration date of the notary's commission.

More recently, the Nebraska Supreme Court considered a somewhat different situation that provides support, albeit indirectly, for our conclusion. In *State v. Haase*, 247 Neb. 817, 530 N.W.2d 617 (1995), the defendant filed a notice of his intention to appeal, a motion to proceed in forma pauperis, and a purported poverty affidavit. The poverty affidavit represented that it was signed before a named notary public, who was a public

defender, and set forth the signature of the purported notary public, but it did not bear a notarial seal. Because of the absence of a notarial seal, the Nebraska Supreme Court issued an order to show cause why the appeal should not be dismissed. The *Haase* court entered an additional order directing that an affidavit be filed attesting to whether the purported notary was " 'a duly qualified notary public in the State of Nebraska' " at the time of the signing. *Id.* at 819, 530 N.W.2d at 618. The Nebraska Supreme Court ultimately dismissed the appeal because at the time of the signing, the notary at issue was a notary public in the State of Iowa, but not in the State of Nebraska. By issuing an order to show cause in *State v. Haase, supra*, the Nebraska Supreme Court suggested that the absence of the notarial seal would not vitiate the document's status as an affidavit if it could be shown that the named individual was, in fact, a notary in the State of Nebraska.

In the instant case, the report provided a space for the notary to identify himself as such and to complete a jurat memorializing that the contents of the report were sworn. In addition, Huffman testified that he had signed the report before a notary. Applying the rationale of *Sheridan County v. McKinney*, 79 Neb. 223, 115 N.W. 548 (1908), and *State v. Haase, supra*, we conclude that the notary's signature and seal provided presumptive evidence that the report was "sworn" by Huffman before a notary, despite the absent expiration date.

We next determine that Valeriano-Cruz did not rebut the presumption flowing from the notary's certification. Valeriano-Cruz did not adduce any evidence to demonstrate that the notary was not a duly qualified notary public in the State of Nebraska or that his commission was not in full force and effect. See *Hass v. Neth*, 265 Neb. 321, 657 N.W.2d 11 (2003) (ALR motorist who alleged notary had conflict of interest failed to challenge presumption of § 64-107). We find no error on the record.

## CONCLUSION

Despite the absence of a statement of the expiration date of the notary's commission, the notary's signature and seal constituted presumptive evidence that the report was "sworn," and Valeriano-Cruz did not rebut that presumption. The sworn re - port complied with the requirements of § 60-498.01, thereby

establishing a prima facie case for license revocation, and the district court correctly affirmed the Department's order revoking Valeriano-Cruz' operator's license. We affirm the judgment of the district court.

AFFIRMED.