751 N.W.2d 651 (2008)
16 Neb. App. 760
Ted DeBOER, appellee,
v.
NEBRASKA DEPARTMENT OF MOTOR VEHICLES, appellant.
No. A-07-874.
Court of Appeals of Nebraska.
June 3, 2008.
*653 Jon Bruning, Attorney General, Andee G. Penn, and Edward G. Vierk for appellant.
No appearance for appellee.
INBODY, Chief Judge, and MOORE and CASSEL, Judges.
CASSEL, Judge.

INTRODUCTION
The Nebraska Department of Motor Vehicles (the Department) appeals the judgment of the district court for Hall County, which reversed an order of the Department revoking the driver's license of Ted DeBoer for 90 days. We find competent evidence in the record to support the district court's determination that contrary to regulation, the officer who performed a breath test of DeBoer on which the revocation was based failed to observe DeBoer for 15 minutes before conducting the test. We affirm the judgment of the district court.

BACKGROUND
On March 30, 2007, Elliott Gray, an officer with the Grand Island Police Department, stopped DeBoer's vehicle. Gray requested DeBoer to perform field sobriety tests, which DeBoer did unsuccessfully. DeBoer subsequently failed a preliminary breath test. At that point, Gray placed DeBoer under arrest for driving under the influence of alcohol and transported him to *654 the "Public Safety Center" in Grand Island. DeBoer then submitted to a chemical breath test, which disclosed a breath alcohol content (BAC) of .142 grams of alcohol per 210 liters of breath. Gray completed a "Notice/Sworn Report/Temporary License" form (sworn report), which indicated the reasons for DeBoer's arrest and that DeBoer submitted to a breath test that indicated a BAC of .08 or more. The sworn report specifically stated that DeBoer's BAC was .142. The sworn report was forwarded to the Department.
DeBoer requested an administrative license revocation hearing. At the hearing, Gray's sworn report was received into evidence. A "DATAMASTER Checklist Technique" form signed by Gray was also entered into evidence, which form by regulation must be completed by an officer when conducting a breath test. See 177 Neb. Admin. Code, ch. 1, § 007.02C (2004). The checklist includes several directions that the officer must follow when administering a breath test, including a direction requiring the officer to "[o]bserve [the] subject for 15 minutes prior to testing." That direction also requires the officer to record the time observation began and contains a blank line where the officer is to write the time. Gray entered "2326" as the time the observation period began. Next to each direction on the checklist is a box that the officer is to check off upon completion of each respective direction. Gray checked all of the boxes, indicating that he had completed each direction.
The test result printout from DeBoer's breath test was also entered into evidence. This document is printed out by the breath testing machine upon completion of a test and states the test results and the time the test was conducted. As the regulations refer to this document as the "test record card," we will use such description. The test record card indicated that DeBoer's breath test occurred at "23:39."
At the hearing, Gray testified that he observed DeBoer for 15 minutes prior to administering the breath test to DeBoer. Gray testified that he used his own watch to time the 15-minute period. Gray testified that according to his watch, the observation period began at 23:26 (11:26 p.m.) and DeBoer submitted to the breath test at 23:42 (11:42 p.m.). Gray also testified that he followed the checklist in accordance with title 177 and observed a 15-minute waiting period.
On May 8, 2007, the hearing officer recommended that DeBoer's license be revoked for the statutory period. On May 9, the director of the Department adopted the hearing officer's recommendation and revoked DeBoer's driver's license for 90 days. DeBoer appealed the decision to the district court, which reversed the director's decision, finding that DeBoer met his burden to disprove the Department's prima facie case. The district court found that the checklist and the test record card show noncompliance with 177 Neb. Admin. Code, ch. 1, § 002.01E (2004), because the two documents indicate that DeBoer was not observed for the required 15 minutes before the breath test was administered.
The Department appeals. Pursuant to authority granted to this court under Neb. Ct. R. of Prac. 11B(1) (rev.2006), this case was ordered submitted without oral argument.

ASSIGNMENTS OF ERROR
On appeal, the Department assigns that the district court erred in finding a lack of compliance with § 002.01E and in finding that the Department's prima facie case was rebutted as a result.

*655 STANDARD OF REVIEW
[1,2] A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. Hahn v. Neth, 270 Neb. 164, 699 N.W.2d 32 (2005). When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is not arbitrary, capricious, or unreasonable. Id.

ANALYSIS
We begin by observing that at the hearing before the district court, DeBoer was permitted to offer exhibits separately from the agency record. The Department stated that it had no objection to the separate exhibits. The separate exhibits, however, merely duplicated identical exhibits already contained in the agency record.
[3,4] The court should not have received the separate exhibits. In Wolgamott v. Abramson, 253 Neb. 350, 570 N.W.2d 818 (1997), the Nebraska Supreme Court explained that in reviewing final administrative orders under the Administrative Procedure Act, the district court functions not as a trial court but as an intermediate court of appeals. The Supreme Court held that in reviewing a final decision of an administrative agency in a contested case pursuant to the Administrative Procedure Act, a court may not take judicial notice of an adjudicative fact which was not presented to the agency, because the taking of such evidence would impermissibly expand the court's statutory scope of review-de novo on the record of the agency. Thus, the only evidence which should have been allowed by the district court consisted of the agency record, composed of the transcript of filings before the agency and the verbatim transcript of the agency hearing. The district court's judgment noted the duplication of the pertinent documents by references to both the separate exhibit and the exhibit in the agency record.
[5,6] Because the separate exhibits duplicated content in the agency record, any error in receiving such evidence was harmless. Error without prejudice provides no ground for appellate relief. Betterman v. Department of Motor Vehicles, 273 Neb. 178, 728 N.W.2d 570 (2007). Moreover, the Department raised no objection to the duplicate exhibits. A party cannot complain of error which that party has invited the court to commit. Damrow v. Murdoch, 15 Neb.App. 920, 739 N.W.2d 229 (2007). One cannot silently tolerate error, gamble on a favorable result, and then complain that one guessed wrong. Id. We therefore turn to the issue raised by the Department on appeal to this court.
[7,8] In the instant case, the sworn report prepared by Gray was entered into evidence and complied with the requirements set forth in Neb.Rev.Stat. § 60-498.01 (Reissue 2004). Once the Department establishes that the officer provided a sworn report containing the recitations required by statute, it has made a prima facie case for license revocation, and the director is not required to prove that the recitations are true. See, Hahn v. Neth, supra; Valeriano-Cruz v. Neth, 14 Neb. App. 855, 716 N.W.2d 765 (2006). Rather, it becomes the motorist's burden to prove that one or more of the recitations in the sworn report are false. Id. The Department established a prima facie case for revocation of DeBoer's license, and the burden then shifted to DeBoer to show that one or more of the recitations in the sworn report was false. The district court found that DeBoer met his burden because the checklist and test record card, when *656 read together, show a lack of compliance with § 002.01E, thereby invalidating the breath test and making the breath test result on the sworn report false.
Section 002.01E requires that "testing records must show adherence to the approved method, and techniques." The testing records consist of two items, the checklist and the test record card. The district court found that the checklist and the test record card show a 13-minute observation period, rather than the required 15-minute period, and, thus, that the testing records show noncompliance with the "approved methods and techniques."
[9,10] Pursuant to Neb.Rev.Stat. § 84-917(5)(a) (Cum.Supp.2006) of the Administrative Procedure Act, the district court reviews an agency decision "de novo on the record of the agency." In a true de novo review, the district court's decision is to be made independently of the agency's prior disposition and the district court is not required to give deference to the findings of fact and the decision of the agency hearing officer. Langvardt v. Horton, 254 Neb. 878, 581 N.W.2d 60 (1998); Slack Nsg. Home v. Department of Soc. Servs., 247 Neb. 452, 528 N.W.2d 285 (1995), disapproved on other grounds, Betterman v. Department of Motor Vehicles, supra.
[11-13] An appellate court reviews the district court's decision for errors appearing on the record. See, Neb.Rev.Stat. § 84-918(3) (Reissue 1999); Hahn v. Neth, 270 Neb. 164, 699 N.W.2d 32 (2005). As such, our review is limited to whether the district court's decision conforms to the law, is supported by competent evidence, and is not arbitrary, capricious, or unreasonable. See Hahn v. Neth, supra. For purposes of reviewing an order of an administrative agency, competent evidence means evidence which tends to establish the fact in issue. In re Application of Jantzen, 245 Neb. 81, 511 N.W.2d 504 (1994).
[14] In the instant case, the testing records present evidence which, if believed, is sufficient to rebut the presumption arising from the sworn report. Gray indicated on the checklist that the 15-minute observation period began at "2326," and the test record card shows that the test occurred at 23:39. Thus, the face of the testing records shows an elapsed time of only 13 minutes, contrary to the 15-minute period required by the regulation. Although Gray testified that he observed DeBoer for the required 15 minutes prior to administering the breath test and used his own watch to do so, the district court in its de novo review was permitted to resolve conflicts in the evidence and was not required to accept Gray's testimony.
We conclude that the district court's factual finding that the testing records fail to adhere to the approved methods and techniques, specifically that the 15-minute observation period was not met, is supported by competent evidence. Accordingly, we cannot conclude that the district court erred in determining that DeBoer met his burden to disprove the Department's prima facie case.

CONCLUSION
We conclude there is competent evidence to support the district court's findings that the testing records did not comply with the approved methods and techniques as required by § 002.01E and, therefore, that DeBoer disproved the Department's prima facie case. Accordingly, we affirm the judgment of the district court.
AFFIRMED.