KEITH J. MOORE, APPELLEE, V. HARRY "PETE" PETERSON,
DIRECTOR OF THE DEPARTMENT OF MOTOR VEHICLES, STATE OF
NEBRASKA, APPELLANT.

358 N.W.2d 193

Filed November 9, 1984.   No. 83-395.

Paul L. Douglas, Attorney General, and Henry M. Grether III, for appellant.

Mark M. Sipple of Luckey, Sipple & Hansen, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ., and COLWELL, D.J., Retired.

BOSLAUGH, J.

The director of the Department of Motor Vehicles appeals from the judgment of the district court reversing the order of the director revoking the operator's license and operating privileges of the plaintiff, Keith J. Moore, for 6 months from August 30, 1982, for refusal to submit to a test of body fluids pursuant to Neb. Rev. Stat. § 39-669.08 (Reissue 1978) of Nebraska's implied consent law.

Neb. Rev. Stat. § 39-669.15 (Reissue 1978) requires the arresting officer to make a "sworn report" to the director concerning the arrest and refusal of the arrested person to submit to the required test. The plaintiff alleged and the district court found that the report of the arresting officer had not been sworn to as required by the statute.

The record shows that the arresting officer appeared before the city clerk-treasurer of Schuyler, Nebraska, a notary public, on July 2, 1982, and stated: "This is an implied consent form for Keith Moore, I need you to notarize this." He then signed the report in her presence. She then filled in the blanks of the jurat, or certificate, printed on the form and affixed her signature and seal to the certificate. The plaintiff contends that this was insufficient to constitute the report a "sworn report" because there was no overt act by the arresting officer showing an intention to take an oath or affirmation.

In *State v. Howard*, 184 Neb. 274, 167 N.W.2d 80 (1969), an affidavit used to obtain a search warrant was held valid where the affidavit had been signed before the county judge but no oath had been administered and the judge had not asked the affiant, "Do you swear to this?"

The form in this case contained the following language: "The undersigned officer being first duly sworn on oath states . . . ." The jurat read: "Subscribed and sworn to before me . . . ." The affidavit and jurat in the *Howard* case contained similar language.

We held that the oath to an affidavit is not required to be administered with any particular ceremony, but the affiant must perform some corporal act whereby he consciously takes upon himself the obligation of an oath. *State v. Howard, supra.* In this case, as in the *Howard* case, the signature of the officer was a corporal act which, under the circumstances, was sufficient to meet the requirement of execution under oath. See, also, *Blackburn v. Motor Vehicles Division, Dept. of Transp.*, 33 Or. App. 397, 576 P.2d 1267 (1978); *McLeod v. Motor Vehicles*, 16 Wash. App. 400, 556 P.2d 563 (1976); *Schoultz v. Dep't Motor Vehicles*, 89 Wash. 2d 664, 574 P.2d 1167 (1978).

The judgment of the district court was erroneous and must be reversed.

There is another matter which we believe requires mention.

The arrest and refusal in this case was made on July 2, 1982, prior to the effective date of the 1982 amendment to Neb. Rev. Stat. § 39-669.16 (Reissue 1978). Consequently, the statute as it existed prior to the amendment is applicable, and the proper term of revocation is 6 months, even though the hearing before the director took place on August 26, 1982, after the effective date of the amendment.

The Legislature, in 1982 Neb. Laws, L.B. 568, which amended § 39-669.16, also amended Neb. Rev. Stat. § 39-669.34 (Reissue 1978) by deleting a reference to § 39-669.16 in subsection (1). The effect of the amendment was to eliminate the eligibility of a person whose permit to operate a motor vehicle was revoked under § 39-669.16 to operate a motor vehicle under an employment driving permit.

Since the arrest and refusal all took place before the effective date of L.B. 568, the statute as it existed prior to the amendment governs the rights of the plaintiff as to eligibility for an employment driving permit. A legislative act operates only prospectively and not retrospectively unless the legislative intent and purpose that it should operate retrospectively is clearly disclosed. *Wheelock & Manning OO Ranches, Inc. v. Heath*, 201 Neb. 835, 272 N.W.2d 768 (1978). The department's refusal to entertain the plaintiff's application for an employment driving permit on the ground that L.B. 568 had eliminated his eligibility for a permit was erroneous.

The judgment of the district court is reversed and the cause remanded with directions to reinstate the order of the director revoking the plaintiff's operator's license and operating privileges for a period of 6 months.

REVERSED AND REMANDED WITH DIRECTIONS.