IN RE INTEREST OF FEDALINA G., A CHILD UNDER 18 YEARS OF AGE. STATE OF NEBRASKA, APPELLEE, V. EDWIN M., APPELLANT.

721 N.W.2d 638

Filed September 22, 2006.   No. S-06-235.

Donald J.B. Miller, of Matzke, Mattoon & Miller, for appellant.

Douglas D. Palik, Special Cheyenne County Attorney, for appellee.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

Edwin M., the appellant, seeks further review of the decision of the Nebraska Court of Appeals dismissing his appeal, from the

termination of his parental rights, on jurisdictional grounds. The issue in this appeal is whether the appellant's poverty affidavit, notarized by a notary public of the State of Utah, was properly submitted in support of the appellant's application to proceed in forma pauperis in a Nebraska court.

## BACKGROUND

The appellant's parental rights to his daughter, Fedalina G., were terminated in an order filed by the trial court on January 30, 2006. The appellant filed a timely notice of appeal and motion to proceed in forma pauperis in the trial court, accompanied by a poverty affidavit. The poverty affidavit was sworn and signed by the appellant in Salt Lake County, Utah, and notarized by a notary public commissioned by the State of Utah. The trial court granted the appellant's motion to proceed in forma pauperis.

On April 18, 2006, the Court of Appeals issued an order, on its own motion, to show cause why the appeal should not be dismissed for lack of jurisdiction because of a defective poverty affidavit. Specifically, the order stated as follows:

> The court has reviewed the file sua sponte. The court notes that the poverty affidavit, filed in lieu of the statutory docket fee, was notarized in Utah by a Utah notary public. A document subscribed and sworn to before a person not authorized by law to administer oaths is not an affidavit and is void as such. *State v. Haase*, 247 Neb. 817, 530 N.W.2d 617 (1995). The power of a notary to perform notarial functions is limited to the jurisdiction in which the commission is issued. *Id.*
>
> Appellant is given 14 days from the date of this Order to Show Cause to show why this cause should not be dismissed for lack of jurisdiction.

On May 1, 2006, the appellant filed a response alleging that he was a resident of the State of Utah and physically located in Utah at the time he executed the poverty affidavit. The appellant also filed an affidavit from the notary public who had authenticated his poverty affidavit, averring that the appellant had personally appeared before the notary public in Salt Lake City, sworn under oath that the information in the poverty affidavit was true, and signed the poverty affidavit. Finally, the

appellant filed a copy of the notary public's certificate of notarial commission, indicating that the notary public had been duly commissioned as a notary public for the State of Utah on November 28, 2005, and that the commission would not expire until November 26, 2009.

On May 18, 2006, the Court of Appeals summarily dismissed the appeal, citing *State v. Haase*, 247 Neb. 817, 530 N.W.2d 617 (1995). See *In re Interest of Fedalina G.*, 14 Neb. App. lxvii (No. A-06-235, May 18, 2006). The appellant filed a timely petition for further review, which we granted.

## ASSIGNMENT OF ERROR

The appellant assigns, consolidated and restated, that the Court of Appeals erred in dismissing his appeal.

## STANDARD OF REVIEW

■ A jurisdictional question that does not involve a factual dispute is a matter of law that requires an appellate court to reach an independent conclusion irrespective of the determination made by the court below. *Smeal Fire Apparatus Co. v. Kreikemeier*, 271 Neb. 616, 715 N.W.2d 134 (2006).

## ANALYSIS

■ Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2004) generally provides that an appeal may be taken by filing a notice of appeal and depositing the required docket fee with the clerk of the district court. See *Glass v. Kenney*, 268 Neb. 704, 687 N.W.2d 907 (2004), *cert. denied* 544 U.S. 986, 125 S. Ct. 1858, 161 L. Ed. 2d 744 (2005). A poverty affidavit serves as a substitute for the docket fee otherwise required upon appeal. *Glass, supra.* See, generally, Neb. Rev. Stat. ch. 25, art. 23 (Reissue 1995 & Cum. Supp. 2004). An in forma pauperis appeal is perfected when the appellant timely files a notice of appeal and an affidavit of poverty. *State v. Smith*, 269 Neb. 773, 696 N.W.2d 871 (2005). In the instant case, the Court of Appeals concluded that no poverty affidavit had been filed, since the appellant's purported poverty affidavit had not been notarized in accord with what the Court of Appeals believed Nebraska law to require.

■ However, the Court of Appeals' reliance on *Haase, supra*, was misplaced. In *Haase*, a criminal defendant filed a notice of

appeal from an order of the district court refusing to modify his sentence, along with a motion to proceed in forma pauperis and a purported poverty affidavit. The purported affidavit represented that it was signed before a deputy Hall County public defender, but it bore no notarial seal. Upon an order to show cause, a motion was filed for an extension of time to file another affidavit, asserting that the seal had been inadvertently omitted. We issued another order, inquiring whether at the time the purported affidavit was signed, the deputy Hall County public defender was a duly qualified notary public in the State of Nebraska. It was revealed that the public defender was an Iowa notary, but not a Nebraska notary. We stated:

> In connection with the means by which evidence may be taken, Neb. Rev. Stat. § 25-1240 (Reissue 1989), the Legislature has defined an affidavit as a "written declaration under oath, made without notice to the adverse party," Neb. Rev. Stat. § 25-1241 (Reissue 1989). For the purposes of more general use, we define an affidavit as a written or printed declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation. . . .

> Obviously, a document subscribed and sworn to before a person not authorized by law to administer oaths is not an affidavit and is void as such. . . .

> Just as manifestly, the power of a notary to perform notarial functions is limited to the jurisdiction in which the commission issued. . . . Thus, it is clear that the original document filed as a poverty affidavit in this case was no such thing.

*State v. Haase*, 247 Neb. 817, 819-20, 530 N.W.2d 617, 618-19 (1995). Because the purported poverty affidavit was a nullity, we dismissed the appeal for lack of jurisdiction. See *id.*

However, the dispositive fact in *Haase* was not that the appellant tried to file a document notarized by an out-of-state notary, but that the document was purportedly notarized *in Nebraska* by a person who was not authorized to do so *in this state*. Our opinion in *Haase* indicates, and an examination of the transcript from that case confirms, that the document in question

was signed and sworn in Hall County, Nebraska, but not notarized by a Nebraska notary public.

The issue in *Haase* was not the notarization of an affidavit by an out-of-state notary; rather, it was the purported notarization of an affidavit in Nebraska before a person who was not authorized to do so in Nebraska. We held in *Haase* that the power of a notary to perform notarial functions is limited to the jurisdiction in which the commission issued—i.e., an Iowa notary may not, by virtue of that commission, perform notarial functions outside the State of Iowa. Thus, in *Haase*, the purported affidavit was a nullity because the Iowa notary was not authorized to administer an oath in Nebraska, and the appeal was correctly dismissed.

That holding is inapplicable when an affidavit is authenticated in another state by a duly commissioned notary of that state. In *Browne v. Palmer*, 66 Neb. 287, 92 N.W. 315 (1902), we held that an affidavit taken before a notary of a sister state or foreign government is properly received in support of a motion in the courts of this state. We relied upon the antecedent to Neb. Rev. Stat. § 25-1245 (Reissue 1995), which provided in part, then as now, that "[a]n affidavit may be made in and out of this state before any person authorized to take depositions, and must be authenticated in the same way." See Comp. Stat. § 5945 (1901). Comp. Stat. § 5949 (1901) provided that "[d]epositions may be taken out of the state by a . . . notary public . . . ." We concluded that taken together, "[a] reading of these two sections makes it evident that an affidavit taken before a notary public either in or out of the state of Nebraska may be used in support of a motion or other procedure in court where necessary." *Browne*, 66 Neb. at 290-91, 92 N.W. at 316.

The statutory framework upon which *Browne* was based remains effectively the same today. As noted, § 25-1245 provides that an affidavit may be made out of state before any person authorized to take depositions, and must be authenticated in the same way. Neb. Ct. R. of Discovery 28(b) (rev. 2000) provides that depositions may be taken in other states "before an officer authorized to administer oaths by the laws of the United States or of the place where the examination is held, or before a person appointed by the court in which the action is pending."

■ Taken together, § 25-1245 and rule 28(b) provide that an affidavit may be used in support of a motion in a court of this state if the affidavit is made and authenticated, out of state, before a person authorized to administer oaths in the place where the affidavit is made. See *Browne, supra.* Generally, a notary public is authorized to administer oaths. See, generally, Michael L. Closen, *The Public Official Role of the Notary*, 31 J. Marshall L. Rev. 651 (1998). As pertinent to this case, a notary public of the State of Utah is authorized to administer oaths in Utah. See Utah Code Ann. § 46-1-6(4) (Supp. 2006). Because the affidavit in this case was duly authenticated in Utah by a person authorized to administer oaths in the State of Utah, it may be submitted in support of a motion made in a Nebraska court. See *Browne, supra.* The Court of Appeals erred in concluding otherwise.

At oral argument, the State contended for the first time that the appellant's poverty affidavit was defective because the acknowledgment recited that the affidavit was "subscribed and sworn" to before the notary, and not "acknowledged." The State seems to be contending that because of this form, there is no evidence, on the face of the affidavit, that the person who made the affidavit was actually the appellant, and thus, the affidavit is insufficient. This argument is without merit.

"An affidavit is a written declaration under oath, made without notice to the adverse party." Neb. Rev. Stat. § 25-1241 (Reissue 1995). Under both Nebraska and Utah law, the certificate of the notary, also known as a jurat, confirms that the affiant appeared before the notary, attested to the truth of his or her statements, and signed the affidavit. See, *Hass v. Neth*, 265 Neb. 321, 657 N.W.2d 11 (2003); Utah Code Ann. § 46-1-2(5) (Supp. 2006). The form of the jurat on the appellant's affidavit in this case was sufficient to meet the requirements of both Utah and Nebraska law. See, *id.*; *Moore v. Peterson*, 218 Neb. 615, 358 N.W.2d 193 (1984); *State v. Howard*, 184 Neb. 274, 167 N.W.2d 80 (1969).

## CONCLUSION

The Court of Appeals erred in dismissing the appellant's appeal on the basis that his poverty affidavit was authenticated

by a Utah notary, and that decision must be reversed. Generally, upon granting further review which results in the reversal of a decision of the Court of Appeals, we may consider some or all of the assignments of error the Court of Appeals did not reach. See *Hosack v. Hosack*, 267 Neb. 934, 678 N.W.2d 746 (2004). However, in this case, the Court of Appeals dismissed the appeal before the appellant's brief was filed, so there are no issues beyond jurisdiction to consider. Given those circumstances, we conclude that briefing and argument on the merits of this appeal should proceed in the Court of Appeals, with the briefing schedule to be set after the issuance of this court's mandate.

The judgment of the Court of Appeals dismissing this appeal is reversed, and the cause is remanded to the Court of Appeals for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

HENDRY, C.J., not participating.