747 N.W.2d 924 (2008)
275 Neb. 688
Sam L. MOYER, appellee,
v.
NEBRASKA DEPARTMENT OF MOTOR VEHICLES, appellant.
No. S-07-884.
Supreme Court of Nebraska.
May 9, 2008.
*925 Jon Bruning, Attorney General, and Kevin J. Edwards for appellant.
Arthur S. Wetzel, of Anderson, Vipperman, Kovanda & Wetzel, Grand Island, for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
HEAVICAN, C.J.

INTRODUCTION
The sole question presented by this appeal is whether the Nebraska Department of Motor Vehicles (DMV) had jurisdiction to revoke the driver's license of Sam L. Moyer when the arresting officer was not placed under oath prior to signing the sworn report initiating the administrative license revocation process.

FACTS
The underlying facts of this case are not in dispute. On February 9, 2007, Deputy Sheriff Thea Edmunds responded to a motor vehicle accident in Hamilton County, Nebraska. Upon arriving at the scene, Edmunds encountered Moyer. Edmunds detected the odor of alcohol on Moyer and requested that he take a preliminary breath test. Moyer refused. Moyer was *926 then arrested for driving under the influence and was transported to the Hamilton County sheriff's office, where he was asked to take a breath test. Moyer again refused.
After Moyer refused to submit to the breath test, Edmunds filled out a sworn report pursuant to Neb.Rev.Stat. § 60-498.01 (Reissue 2004). Edmunds completed the form, which provided in relevant part:
The undersigned officer(s) hereby swear(s) that the above-named individual was arrested pursuant to Neb.Rev. Stat. § 60-6,197, and the reasons for the arrest are: I responded to an accident where ... Mover was the driver. A strong odor of alcohol came from his person. Moyer refused PBT as well as chem. test of his breath from the Data-Master.
Edmunds checked the box on the report which indicated that Moyer had "[r]efused to submit to the test." The report also contains Edmunds' signature, as well as a notation stating that the signature was "acknowledged" before a notary public. This report was then forwarded to the DMV.
Moyer requested an administrative hearing, which was held on March 5, 2007. At that hearing, Edmunds testified regarding the events surrounding Moyer's arrest. The following exchange was had between Edmunds and Moyer's counsel regarding Edmunds' signature on the sworn report:
Moyer's counsel:] When you signed that copy, did [the notary public] place you under oath? ...
....
[Edmunds:] No.
Q Now, when you signed that document, you didn't  you weren't acknowledging an oath either, were you? You were simply signing that in the presence of the notary, is that correct?
A I guess.... I guess we take that for granted. I don't know, but all she is stating is that that is my signature.
Q Right. And there was nothing about your signing of that that indicated that you were going to take an oath. It's simply that you were signing it in her presence, is that correct?
A I believe so.
Following the hearing, Moyer's driver's license was revoked. Moyer appealed the revocation to the district court, which reversed the revocation and ordered the DMV to reinstate Moyer's license. The district court reasoned that "the sworn report was never sworn because the notary public did not put the arresting officer under oath." As such, the district court concluded that the sworn report did not confer jurisdiction on the DMV to revoke Moyer's license. The district court ordered the DMV to reinstate Moyer's license. The DMV appeals.

ASSIGNMENT OF ERROR
On appeal, the DMV contends that the district court erred in finding that the report detailing Moyer's arrest was not sworn under § 60-498.01 and was therefore insufficient to confer jurisdiction on the DMV to revoke Moyer's license.

STANDARD OF REVIEW
[1] Whether the sworn report of a law enforcement officer is sufficient to confer jurisdiction on the DMV is a question of law, and an appellate court reaches a conclusion independent of that reached by the lower court.[1]

*927 ANALYSIS

DMV's Argument on Appeal.
[2] On appeal, the DMV contends that the district court erred in concluding that Edmunds needed to be placed under oath before signing the sworn report. The question presented by this assignment of error is whether a sworn report complied with § 60-498.01 and vested the DMV with jurisdiction when the arresting officer's signature was "acknowledged" rather than "sworn."
[3-7] This court has previously noted that sworn reports in administrative license revocation proceedings are, by definition, affidavits.[2] An affidavit is a written or printed declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation.[3] An affidavit must bear on its face, by the certificate of the officer before whom it is taken, evidence that it was duly sworn to by the party making the same.[4] An affidavit does not, however, require a notary to confirm the truth of the facts stated in the affidavit; rather, the certificate, also known as a jurat, confirms only that the affiant appeared before the notary, attested to the truth of his or her statements, and signed the affidavit.[5] Oaths to affidavits ordinarily are not required to be administered with any particular ceremony, but the affiant must perform some corporal act before the officer whereby the affiant consciously takes upon himself or herself the obligation of an oath.[6] The signature of the officer is a corporal act which is generally sufficient to meet the requirement of execution under oath.[7]
In this case, Edmunds signed the report and the report was notarized. Edmunds testified that she signed the report in the presence of the notary. No other action was required by either Edmunds or the notary. The notary was not required to confirm the truth of the statements; the very fact that Edmunds signed the report in the presence of a notary and that her signature was in fact notarized was sufficient as an oath or affirmation.
Moyer argues that Edmunds' testimony indicates that at the time Edmunds signed the report, "she did not have any conscious notion that she was `swearing' to the contents of the document or that she was taking an oath of any sort."[8] We disagree with Moyer's characterization of Edmunds' testimony. Moreover, we note that the report itself states that "[t]he undersigned officer(s) hereby swear(s)...." Such is a clear and objective indication that Edmunds was aware at the time she signed the report that she was swearing to the contents of the report.
We have previously addressed the converse argument to the one presented by this case. In In re Interest of Fedalina G.,[9] the State argued that a "poverty affidavit was defective because the acknowledgment recited that the affidavit was `subscribed and sworn' to before the notary, *928 and not `acknowledged.'" This court rejected that argument, concluding that an affidavit was a written declaration made under oath and that the notary's certificate "confirms that the affiant appeared before the notary, attested to the truth of his or her statements, and signed the affidavit."[10]
We therefore conclude that the district court erred by finding that because the report stated the notary acknowledged Edmunds' signature rather than swearing and subscribing that signature, the DMV lacked jurisdiction to revoke Moyer's license.

Moyer's Purported Cross-Appeal.
[8] In his brief, Moyer argues that "Edmunds' report did not contain sufficient reasoning to justify Edmunds' request that Moyer submit to a test of his blood-alcohol level."[11] However, we decline to reach that argument, as Moyer failed to properly assert a cross-appeal in this case. Contrary to Neb. Ct. R. of Prac. 9D(4) (rev.2006), Moyer's brief fails to note any cross-appeal on the cover of his brief, nor is his argument set forth in a separate division of the brief. Moreover, his brief includes no assignments of error.

CONCLUSION
We conclude that the district court erred in finding that the DMV lacked jurisdiction to revoke Moyer's license. We therefore reverse the order of the district court and remand the cause with directions to reinstate the administrative revocation of Moyer's driver's license.
REVERSED.
NOTES
[1] See Betterman v. Department of Motor Vehicles, 273 Neb. 178, 728 N.W.2d 570 (2007).
[2] Hass v. Neth, 265 Neb. 321, 657 N.W.2d 11 (2003).
[3] Id.
[4] Id.
[5] See id.
[6] See, Moore v. Peterson, 218 Neb. 615, 358 N.W.2d 193 (1984); State v. Howard, 184 Neb. 274, 167 N.W.2d 80 (1969).
[7] See Moore, supra note 6.
[8] Brief for appellee at 8.
[9] In re Interest of Fedalina G., 272 Neb. 314, 319, 721 N.W.2d 638, 643 (2006).
[10] Id.
[11] Brief for appellee at 13.