Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/13/2022 08:08 AM CDT

Colt M. Pope, appellant, v. Department
of Motor Vehicles of the State
of Nebraska, appellee.
___ N.W.2d ___

Filed February 18, 2022.    No. S-21-206.

1. **Administrative Law: Judgments: Appeal and Error.** When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.
2. **Judgments: Appeal and Error.** Whether a decision of the district court conforms to the law is a question of law, for which an appellate court will reach its own independent conclusion.
3. **Judgments: Jurisdiction: Appeal and Error.** When a jurisdictional question does not involve a factual dispute, its determination is a matter of law, which requires an appellate court to reach a conclusion independent of the decisions made by the lower courts.

Appeal from the District Court for Clay County: Stephen R. Illingworth, Judge. Affirmed.

T. Charles James, of Langvardt, Valle & James, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Milissa Johnson-Wiles for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Heavican, C.J.

## INTRODUCTION

The district court affirmed the order of the Department of Motor Vehicles (Department) revoking Colt M. Pope's operator's license. Pope appeals. We affirm.

## BACKGROUND

On July 11, 2020, Pope was the subject of a traffic stop after he was witnessed committing a traffic infraction. Following the stop, he was arrested on suspicion of driving under the influence and was transported to the local police department, where he refused a chemical test of his breath.

The arresting officer completed a sworn report regarding the administrative revocation of Pope's operator's license. A copy of that report was given to Pope at the time of his arrest, and another copy was submitted to the Department and received on or about July 20, 2020. Pope's copy of that report was not notarized, but was signed by the arresting officer. The copy received by the Department included a second signature of the arresting officer, as well as the signature and stamp of a notary. The primary issue is whether this sworn report was sufficient to provide the Department with jurisdiction to revoke Pope's license.

An administrative license revocation hearing was held on August 11, 2020. On August 17, the Department filed a second notice for hearing. In that notice, the Department indicated that another hearing had been scheduled due to the inability of the hearing officer to hold a hearing on August 11 (this, despite the fact that the record shows that a hearing occurred on that date). On that same date, August 17, the hearing officer entered a separate order holding the record open and granting a continuance. Notice of both the Department's and the hearing officer's orders was served on Pope.

The second hearing was held on August 25, 2020. During that hearing, the hearing officer questioned the arresting officer about the sworn report. In his testimony, the arresting

officer explained that his signature on the right side of the document, next to the notary block, had been signed in the presence of a notary.

Following this second hearing, the hearing officer recommended, and the Department entered, an order revoking Pope's operator's license. Pope appealed to the district court, which affirmed. Pope now appeals to this court.

## ASSIGNMENTS OF ERROR

Pope assigns that the district court erred in (1) finding that the Department had jurisdiction to revoke his operator's license where the report submitted did not establish a prima facie case for revocation because it was not properly sworn to by the arresting officer; (2) finding that the Department properly continued the hearing, which was in violation of his due process rights; and (3) affirming the revocation after the Department exceeded its authority under its enabling legislation by ordering the hearing officer to reopen the hearing.

## STANDARD OF REVIEW

[1-3] When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.[1] Whether a decision of the district court conforms to the law is a question of law, for which an appellate court will reach its own independent conclusion.[2] When a jurisdictional question does not involve a factual dispute, its determination is a matter of law, which requires an appellate court to reach a conclusion independent of the decisions made by the lower courts.[3]

---

[1] *Travis v. Lahm*, 306 Neb. 418, 945 N.W.2d 463 (2020).

[2] See *id.*

[3] *Betterman v. Department of Motor Vehicles*, 273 Neb. 178, 728 N.W.2d 570 (2007).

## ANALYSIS

This case involves the administrative license revocation process. The Legislature has noted:

> (1) Because persons who drive while under the influence of alcohol present a hazard to the health and safety of all persons using the highways, a procedure is needed for the swift and certain revocation of the operator's license of any person who has shown himself or herself to be a health and safety hazard (a) by driving with an excessive concentration of alcohol in his or her body or (b) by driving while under the influence of alcohol.[4]

Pope's primary argument is that the sworn report submitted to the Department was defective, because the officer did not originally sign the report before a notary, and was therefore insufficient to confer jurisdiction on the Department to revoke his operator's license.

As relevant to this appeal, § 60-498.01 provides:

> (2) If a person arrested as described in subsection (2) of section 60-6,197 refuses to submit to the chemical test of blood, breath, or urine required by section 60-6,197 . . . the arresting peace officer, as agent for the director, shall verbally serve notice to the arrested person of the intention to immediately confiscate and revoke the operator's license of such person and that the revocation will be automatic fifteen days after the date of arrest. The arresting peace officer shall within ten days forward to the director a sworn report stating (a) that the person was arrested as described in subsection (2) of section 60-6,197 and the reasons for such arrest, (b) that the person was requested to submit to the required test, and (c) that the person refused to submit to the required test. . . .
>
> . . . .
>
> (4) On behalf of the director, the arresting peace officer submitting a sworn report under subsection (2) or

---

[4] Neb. Rev. Stat. § 60-498.01 (Cum. Supp. 2020).

(3) of this section shall serve notice of the revocation on the arrested person, and the revocation shall be effective fifteen days after the date of arrest. The notice of revocation shall contain a statement explaining the operation of the administrative license revocation procedure. . . . A petition for an administrative license revocation hearing must be completed and delivered to the [D]epartment or postmarked within ten days after the person's arrest or the person's right to an administrative license revocation hearing to contest the revocation will be foreclosed. . . .

If the person has an operator's license, the arresting peace officer shall take possession of the license and issue a temporary operator's license valid for fifteen days. . . .

. . . .

(6)(a) An arrested person's operator's license confiscated pursuant to subsection (4) of this section shall be automatically revoked upon the expiration of fifteen days after the date of arrest, and the petition requesting the hearing shall be completed and delivered to the [D]epartment or postmarked within ten days after the person's arrest. An arrested person's operator's license confiscated pursuant to subsection (5) of this section shall be automatically revoked upon the expiration of fifteen days after the date of mailing of the notice of revocation by the director, and the arrested person shall postmark or return to the director a petition within ten days after the mailing of the notice of revocation if the arrested person desires an administrative license revocation hearing. The petition shall be in writing and shall state the grounds on which the person is relying to prevent the revocation from becoming effective. . . .

(b) The director shall conduct the hearing within twenty days after a petition is received by the director. Upon receipt of a petition, the director shall notify the petitioner of the date and location for the hearing by mail

postmarked at least seven days prior to the hearing date. The filing of the petition shall not prevent the automatic revocation of the petitioner's operator's license at the expiration of the fifteen-day period. A continuance of the hearing to a date beyond the expiration of the temporary operator's license shall stay the expiration of the temporary license when the request for continuance is made by the director.

### Department's Jurisdiction to Revoke

We turn first to Pope's primary argument—that the Department did not have jurisdiction to revoke his operator's license. In *Hahn v. Neth*,[5] we held that in order to confer jurisdiction on the Department, the sworn report of an arresting officer must, at a minimum, contain the information specified in the applicable statute (currently codified at § 60-498.01 and reprinted in part above).

We have held that an arresting officer may not testify at the hearing in an attempt to supplement information otherwise lacking in the report in order that the Department might gain jurisdiction.[6] But we have held that the Department may seek a supplemental sworn report in order to obtain jurisdiction where a report might otherwise fail to confer it.[7]

With respect to the sworn report, we have noted that the sworn report is, by definition, an affidavit.[8] We held in *Moyer v. Nebraska Dept. of Motor Vehicles*[9] that the signature of the arresting officer and the notarization of the signature were sufficient to make the sworn report valid, and the statute did not

---

[5] *Hahn v. Neth*, 270 Neb. 164, 699 N.W.2d 32 (2005).

[6] See *id.*

[7] See *Murray v. Neth*, 279 Neb. 947, 783 N.W.2d 424 (2010).

[8] See *Johnson v. Neth*, 276 Neb. 886, 758 N.W.2d 395 (2008).

[9] *Moyer v. Nebraska Dept. of Motor Vehicles*, 275 Neb. 688, 747 N.W.2d 924 (2008).

require the notary to place the officer under oath. In *Johnson v. Neth*,[10] we held that the failure of a report to include the printed name and badge number of the arresting officer in the provided area between the acknowledgment language and the notary's signature was insufficient to confer jurisdiction because it did not substantially comply with Nebraska law.

Pope was arrested for driving under the influence and refused to submit to a chemical test. On appeal, Pope argues that the report provided to him at the time of his arrest was signed only by the arresting officer and did not include the signature of a notary. This was undisputed.

But we are not persuaded that such is dispositive here. While the copy of the report initially provided to Pope was not notarized, the report submitted to the Department in conformity with § 60-498.01 was signed by the officer, albeit in a different location on the report, and was signed and stamped by a notary. That copy was later provided to Pope. Because jurisdiction is determined based upon the sworn report at the time of the hearing, the lack of a notary's signature on Pope's copy does not affect jurisdiction, especially where Pope received a copy containing the notary's signature prior to the hearing.

Pope also argues that the officer's name and badge information was provided in the same hand as the arresting officer, and Pope suggests that this is proof that the notary did not actually acknowledge the officer's signature. He cites to *Johnson* to support this assertion. While *Johnson*, in reliance on Nebraska's statute regarding a proper acknowledgment,[11] requires that information to be included, there is nothing in *Johnson* that requires the notary to fill out the officer's name and badge information, only that the notary acknowledge the officer's signature. The notary's signature below this information demonstrates that this occurred.

---

[10] *Johnson v. Neth, supra* note 8.

[11] Neb. Rev. Stat. § 64-206 (Reissue 2018).

In order to confer jurisdiction, the sworn report must include the information set forth in the statute at the time it is submitted. This report contained all the necessary information at the relevant time and was sufficient to confer jurisdiction on the Department. We find no merit to Pope's assertions to the contrary.

## OTHER ASSIGNMENTS OF ERROR

In his second and third assignments of error, Pope takes issue with several actions taken by the Department during the course of revoking his operator's license. First, Pope argues that there is no statute or regulation which would allow the Department to reopen the hearing and that his due process rights were violated when the Department "compell[ed]" the hearing officer to do so.[12] Second, Pope contends the Department violated existing law and ignored its own regulations when it deprived him of the opportunity to be heard regarding the reopening of the hearing, failed to make a timely decision, and failed to stay the revocation of his license during the pendency of the continuance. In sum, Pope argues that rather than attempting to supplement the record, the Department should have simply appealed from the hearing officer's determination.

As an initial matter, in arguing that the Department should have appealed from the decision of the hearing officer, Pope misunderstands the authority of the hearing officer. That officer is hired by the Department to make findings of fact and conclusions of law.[13] The hearing officer does not have the authority to revoke an operator's license, but merely makes recommendations to the Department. The power to revoke a license lies with the director of the Department.[14] As such, the director was not bound by the recommendations of the hearing officer, but was free to revoke Pope's license regardless of the hearing

---

[12] Brief for appellant at 16.

[13] See § 60-498.01(9).

[14] See Neb. Rev. Stat. § 60-498.02 (Cum. Supp. 2020).

officer's recommendations. It is not accurate to conclude that the Department should have appealed from the recommendations of the hearing officer.

Nor were Pope's rights—due process or otherwise—violated when the hearing was "reopened."[15] With the exception of Pope's allegation regarding the "behind closed door" meeting between the hearing officer and an unknown Department employee, Pope does not dispute that he had notice of all hearings and had the ability to be heard and participate at those hearings.[16] As for the "behind closed door" meeting, we find no authority, nor does Pope direct us to any, holding that Pope was entitled to notice of such a meeting. Thus, we confine our analysis to that alleged communication and the continuance and associated injuries that allegedly resulted from that communication.

First, Pope has not shown that the alleged "behind closed door" meeting between the Department and the hearing officer resulted in the Department's telling the hearing officer what decision should be reached, nor has Pope presented any other evidence of bias. Rather, the record shows only that the Department sought the inclusion of evidence in the record that would clarify that, in fact, the sworn report did initially confer jurisdiction on the Department.

Second, while Pope's assertion that there was no authority in the applicable statutes and regulations to reopen a hearing might be accurate, it is incomplete as it overlooks certain regulatory powers of the hearing officer and the director. The hearing officer has the power to hold the record open, without regard for which party might desire such an action[17]; the director has the authority to order a continuance.[18]

---

[15] Brief for appellant at 16 (internal quotation marks omitted).

[16] Id.

[17] See 247 Neb. Admin. Code, ch. 1, § 038.05H (2011) (applicable to driving under influence arrests after January 1, 2012).

[18] See id., § 048.05.

Pope also alleges that the director's decision was not made within 7 days of the conclusion of the hearing as is required by § 60-498.01(9). Pope is calculating that time period beginning on the date of the first hearing, August 11, 2020. But because the 7-day period is imposed upon the director, it would be illogical and contrary to the hearing officer procedure to have that period begin in advance of the filing of the hearing officer's recommendations. Because those recommendations were ultimately not filed until August 26, the director's order of revocation on August 27 was timely.

Finally, Pope contends that the director was required to stay the revocation of his operator's license during the pendency of the continuance. Section 60-498.01(6)(b) provides in part:

> The filing of a petition shall not prevent the automatic revocation of the petitioner's operator's license at the expiration of the fifteen-day period. A continuance of the hearing to a date beyond the expiration of the temporary operator's license shall stay the expiration of the temporary license when the request for continuance is made by the director.[19]

We disagree with Pope's interpretation of this statutory language. Pope's operator's license had already been revoked as a matter of law on July 26, 2020, which was 16 days *prior to* his first hearing. We read § 60-498.01(6)(b) to act as an incentive to the Department to not unnecessarily delay hearings and not as a windfall to motorists whose licenses have already been automatically revoked as part of the administrative license revocation process.

We take a moment to comment upon the August 17, 2020, order stating that no hearing occurred on August 11, when the record is clear that a hearing did take place on August 11. Our record does not include any information as to why this plainly incorrect order was issued. While the issuance of this order does not affect our disposition here, we remind the

---

[19] § 60-498.01(6)(b).

Department that its orders are relied upon by those appearing before the Department and its hearing officers and, as a result, accuracy is paramount.

There is no merit to Pope's assignments of error regarding the reopening of his hearing and the consequences of that reopening.

## CONCLUSION

We affirm the decision of the district court affirming the Department's revocation of Pope's operator's license.

Affirmed.